IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHIRLEY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:14cv1145-MHT |
| | ) | (WO) |
| WELLS FARGO BANK, NA, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case involves a dispute between the *pro se* plaintiff, Shirley Johnson ("Johnson"),

and defendant Wells Fargo Bank, NA ("Wells Fargo").  On October 2, 2014, Johnson filed a

negligence claim against Wells Fargo in the Circuit Court of Montgomery County, Alabama,

asserting that Wells Fargo had negligently closed her checking account and improperly withheld

funds from her.  (Doc. # 1, Compl.).  On November 10, 2014, the defendant removed the case

to this court.  The court has jurisdiction of this matter pursuant to its diversity jurisdiction.  *See*

28 U.S.C. § 1332.

Now pending before the court is the defendant's motion for summary judgment (doc. #

18) filed on May 15, 2015.  On October 9, 2015, the plaintiff filed a response in opposition to

the motion for summary judgment (doc. # 28).  After careful review of the motion, the briefs

filed in support of and in opposition to the motion, and the evidentiary materials, the court

concludes that the defendant's motion for summary judgment is due to be GRANTED, and this

case is due to be DISMISSED with prejudice.

## II.  THE SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute][1] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); FED.R.CIV.P. 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine [dispute] as to any material fact and that the movant is entitled to judgment as a matter of law.").  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof.  *Id.* at 322-324.

Once the defendant meets its evidentiary burden and demonstrate the absence of a genuine dispute of material fact, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to her case exists.  *Clark v. Coats*

---

[1]  Effective December 1, 2010, the language of Rule 56(a) was amended.  The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

& *Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion.").  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in her favor.  *Greenberg*, 498 F.3d at 1263.

To survive the defendant's properly supported motion for summary judgment, the plaintiff is required to produce "sufficient [favorable] evidence" establishing the essential elements of her claim.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Id*. at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party."  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*.  Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to her case and on which she will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, *see Hughes v.*

*Rowe*, 449 U.S. 5 (1980), a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Moreover, the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain a cause of action." *Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

## III.  FACTS[2]

The pertinent facts are undisputed. On February 1, 2011, Johnson opened a checking account with Wells Fargo Banks, NA. (Doc. # 18, Ex. 1 at 1, ¶ 4). When she opened the account, Johnson agreed to be bound by the Account Agreement. (*Id*.). The Account Agreement specifically provides that Wells Fargo may "freeze" an account if it suspects "irregular, unauthorized or unlawful" activity.

> As part of the Bank's loss prevention program, when the Bank suspects that irregular, unauthorized, or unlawful activities may be involved with your Account, the Bank may "freeze" (or place a hold on) the balance in your Account (and in other accounts you maintain with the Bank) pending an investigation of

---

[2] At this stage of the proceedings, this court takes the facts alleged by Johnson as the non-movant as true and construes them in the light most favorable to her. *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000) (citations omitted) ("In assessing whether there is any 'genuine issue' for trial, the court 'must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party" and 'resolve all reasonable doubts about the facts in favor of the nonmovant.").

However, the court accepts the defendant's factual assertions when they are based on undisputed evidence and have not been contradicted by the plaintiff. *See Singletary v. Vargas*, 804 F.3d 1174, 1176 n. 2 (11th Cir. 2015); *Scott v. Harris*, 550 U.S. 372, 379 (2007) ("[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." (quoting Fed. R. Civ. P. 56(c))).

such suspected activities.  If the Bank freezes your Account, the Bank will give
any notice required by the laws governing your Account.

(Doc. # 18, Ex. 1, Ex. A at 3).

On September 28, 2012, Johnson deposited into her account a check from ACCC Insurance Company in the amount of $4,219.00.  (*Id*. at Ex. 1, p. 2, ¶ 7; Doc. # 1 at ¶ 9).  The monies were from her insurance carrier to pay for damages to her car.  (Doc. # 1 at ¶ 9). Although the check was made payable to both Johnson and her car loan provider, Capitol One, only Johnson endorsed the check; Capitol One did not.  (Doc. # 18, Ex. 1 at 2, ¶ 7). Consequently, without both signatures, Wells Fargo considered the deposit of the check to be unauthorized and "froze" Johnson's account pending an investigation.  (*Id*. at ¶¶ 7-8).  Wells Fargo notified Johnson that her account was frozen.  (*Id*. at ¶ 9).

The Account Agreement also authorized Wells Fargo to close Johnson's account.

You or the Bank may close your Account at any time.  If the Account is closed,
the Bank may send the collected balance on deposit in your Account by ordinary
mail to your most recent address shown on the Bank's records. . . . If the Bank
does not allow you to keep any funds on deposit, the Bank will not be liable for
any loss or damage that may result from dishonoring any of your *Items* that are
presented or otherwise received after your Account is closed.

(Doc. # 18, Ex. 1, Ex. A at 4).

On November 14, 2012, Wells Fargo closed Johnson's checking account and released to her "the balance of her account not under investigation and suspended the remaining balance which consisted solely of funds deposited pursuant to the unauthorized transaction, pending instructions from Capitol One."  (*Id*. at ¶ 11).

Johnson filed her lawsuit in state court on October 2, 2014, which is the same date that

"Wells Fargo released the suspended funds" to Johnson.  (Doc. # 1; Doc. # 18, Ex. 1, at 2, ¶ 12).

## IV.  DISCUSSION

Johnson contends that Wells Fargo negligently closed her checking account and withheld monies which resulted in bills that were automatically drafted from her checking account to not be paid.  As a result of her checking account being closed, Johnson asserts that she "lost her car, apartment and was unable to pay several of her bills."  (Doc. # 1 at ¶ 19).  She seeks compensatory and punitive damages.  (*Id.* at 2, ¶ A).

Wells Fargo asserts that the Account Agreement governing Johnson's checking account permitted it to freeze Johnson's account when Wells Fargo suspected unauthorized or fraudulent activity.  (Doc. # 18 at 2, ¶ 2).  Thus, Wells Fargo argues that because Johnson's account was governed by the Account Agreement, her claim is properly a breach of contract claim and not a tort claim for negligence.[3]  *See* Doc. # 18.  Wells Fargo argues that it did not breach any duty to Johnson arising under the Account Agreement and, therefore, is entitled to summary judgment.

"To prove negligence, [the plaintiff] must establish all four elements of the action: (1)

---

[3] According to Wells Fargo, Johnson's negligence claim is in essence a claim for breach of contract of the Account Agreement.  Wells Fargo argues that Johnson' labeling of her claim as one sounding in tort does not change the nature of her claim as a breach of contract claim.  *See Vines v. Crescent Transit Co.*, 264 Ala. 114, 118, 85 So. 2d 436, 439 (Ala. 1955).  "Alabama law does not recognize tort liability from the mere failure to perform a contract."  *Grayson Inc. v. Global Payments Direct, Inc.*, 2013 WL 5719087, * 4 (N. D. Ala. Oct. 18, 2013) (No. CV-13-CV-1256).

In response to the defendant's motion for summary judgment, Johnson merely reiterates that her claim is one of negligence.  *See* Doc. # 28.  The court pretermits discussion of this issue because, under any theory, the defendant is entitled to judgment as a matter of law.

a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." *Crowne Inv., Inc. v. Bryant*, 638 So. 2d 873, 878 (Ala. 1994); *Nelson By and Through Sanders v. Meadows*, 684 So. 2d 145, 148 (Ala. Civ. App. 1996).  To establish a breach of contract claim under Alabama law, the plaintiff must establish the following elements:

> (1) the existence of a valid contract binding the parties in the action, (2) [the plaintiff's] own performance under the contract, (3) the defendant's nonperformance, and (4) damages.

*Campbell v. Naman's Catering, Inc.,* 842 So. 2d 654, 658 (Ala. 2002) *quoting Southern Med. Health Sys., Inc. v. Vaughn*, 669 So. 2d 98, 99 (Ala. 1995).

Under either legal theory, Johnson is entitled to no relief, and the defendant is entitled to judgment as a matter of law.  Johnson does not dispute that she had a valid Account Agreement with Wells Fargo.  She does not dispute that the unambiguous language of the Account Agreement permitted Wells Fargo to freeze her account when it suspected unauthorized or suspicious activity and subsequently close her account.  Under Alabama law, the court construes the Account Agreement as it is written.  *See Shoney's LLC v. MAC East, LLC*, 27 So. 3d 1216, 1223 (Ala. 2009).

More importantly, however, Johnson does not identify how Wells Fargo was negligent, what duty Wells Fargo allegedly breached or how Wells Fargo failed to perform its obligations under the Account Agreement.  In order to prove a breach of contract by the defendant, the plaintiff must prove that Wells Fargo "expressly breached some [] specific term of the [contract]." *Tanner v. Church's Fried Chicken, Inc.*, 582 So. 2d 449, 452 (Ala. 1991). Johnson does not dispute that her car loan provider did not endorse the insurance check.  She does not

dispute Wells Fargo's authority to withhold the funds from that check pending its investigation. And she does not dispute that Wells Fargo has subsequently released those funds to her.

Regardless of how her claim is characterized, the Account Agreement also specifically limits Wells Fargo's liability to Johnson.

> WHETHER IN CONNECTION WITH YOUR ACCOUNT OR A SERVICE, IN NO EVENT WILL EITHER YOU OR THE BANK, OR ITS AFFILIATES, OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS, SHAREHOLDERS, OR AGENTS BE LIABLE TO THE OTHER PARTY FOR ANY SPECIAL, CONSEQUENTIAL, INDIRECT OR PUNITIVE DAMAGES, WHETHER ANY CLAIM IS BASED ON CONTRACT OR TORT OR WHETHER THE LIKELIHOOD OF SUCH DAMAGES WAS KNOWN TO EITHER PARTY. . . . The Bank will not have liability to you if there are insufficient available funds in your Account to pay your *Items* due to actions taken by the Bank in accordance with this Agreement. . . .

(Doc. # 18, Ex. 1, Ex. A at 2).

This case is before the court on Wells Fargo's motion for summary judgment. In her response, Johnson asserts that "[t]his matter . . . reeks of the basic definition of negligence and the Plaintiff, Shirley Johnson, has been irreparably harmed by the Defendant's negligence." (Doc. # 28 at 2). First, Johnson's response to the defendant's motion for summary judgment is unsworn and, thus, is not consistent with FED. R. CIV. P 56(e). Consequently, her response in opposition to Wells Fargo's motion for summary judgment is insufficient to create a genuine issue of material fact sufficient to preclude summary judgment. Next, beyond her conclusory statement in response to the motion for summary judgment, the plaintiff merely reiterates that Wells Fargo closed her account and she suffered harm as a result. She does not point to or otherwise provide the court with any evidence or law to substantiate her allegations of that

Wells Fargo improperly closed her account.

Mere allegations are not sufficient at this point.  When a motion for summary judgment has been properly made, the nonmoving party may not rely solely on the pleadings, but by affidavits, depositions, answers to interrogatories, and admissions must show that there are specific facts demonstrating that there is a genuine issue for trial. *Brown, supra*.  The plaintiff has failed to produce any evidence which would establish that Wells Fargo acted improperly or breached any duty owed to her.  It is not the court's function to distill every generality into a cogent, adversarial argument.  The onus is on the party opposing summary judgment to submit affirmative evidence demonstrating that there exists a genuine issue of material fact regarding an essential element of the claim.  *Celotex,* 477 U.S. at 322.  The plaintiff must go beyond the pleadings and "designate 'specific facts' showing that there is a genuine issue for trial." *Id*. at 324.  The plaintiff's unsworn response is simply insufficient to preclude summary judgment.

## V.  CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion for summary judgment be GRANTED, and this case be DISMISSED with prejudice, and that costs be TAXED AGAINST the plaintiff.   It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **April 28, 2016.**  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. §

636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11ᵀᴴ Cɪʀ. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

      Done this 14th day of April, 2016.


                          /s/Charles S. Coody                    
                        CHARLES S. COODY
                        UNITED STATES MAGISTRATE JUDGE